FILED & ENTERED

MAY 23 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY hawkinso DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>DAVID WEDGE and<br>DEBRA WEDGE,<br><br><div align=center>Debtors</div> | Case No.: 6:22-bk-10511-WJ<br><br>CHAPTER 7<br><br>**ORDER DIRECTING PERSONAL<br>APPEARANCES**<br><br><u>Reaffirmation Hearing</u>:<br>Date:    July 7, 2022<br>Time:    8:30 a.m.<br>Crtm:    304 |

The debtors have entered into a reaffirmation agreement with Santander Consumer USA Inc. dba Chrysler Capital which was filed with the Court on May 19, 2022 [docket #43]. A hearing regarding the reaffirmation agreement is scheduled in this case for July 7, 2022 at 8:30 a.m. The debtors are represented by counsel, but counsel for the debtors did not approve the reaffirmation agreement. Counsel for the debtors is considerably more knowledgeable about the financial affairs of the debtors than the Court and can provide insight that will assist the Court in determining whether or not approval of the reaffirmation agreement is in the best interest of the debtors. In addition, it would assist the Court if counsel indicated the reasons why counsel did not approve the

reaffirmation agreement.  That information could be very helpful in evaluating whether the Court should approve the reaffirmation agreement.  An appearance by counsel in the courtroom will also provide the debtors with another opportunity to personally speak with counsel for the debtors about these matters (along with the Court).

Accordingly, the Court hereby orders counsel of record, Benjamin Heston, to personally appear at the hearing on July 7, 2022 at 8:30 a.m.  Likewise, the debtors are ordered to personally appear at the hearing on July 7, 2022 at 8:30 a.m.  Appearances by special counsel or by telephone are not permitted for this hearing.

In some instances, counsel for debtors and debtors do not wish for the Court to approve a reaffirmation agreement signed by debtors.  Sometimes attorneys for debtors do not believe a bankruptcy court needs to approve a reaffirmation agreement because counsel for the debtors believes that (1) the reaffirmation agreement is unnecessary because the debtors have never missed a payment, never been late making a payment and never otherwise defaulted on the loan or (2) execution of a reaffirmation agreement by the debtors is binding upon the creditor even if the Court disapproves the agreement or (3) the creditor does not normally repossess vehicles due to the failure of the court to approve a reaffirmation agreement as long as the debtors sign the reaffirmation agreement or (4) the debtors no longer wish to proceed with the reaffirmation agreement or (5) court approval is not needed for other reasons.  The Court neither approves nor disapproves these ideas.  The Court simply expresses no opinion regarding them.

If, for whatever reason, the debtors and counsel for the debtors do not believe a hearing is necessary regarding the reaffirmation agreement and they desire that the Court simply deny approval of the reaffirmation agreement without a hearing, counsel for the debtors may file a declaration prior to the hearing which clearly states that (1) counsel for the debtors has conferred with the debtors regarding the reaffirmation agreement and provided advice regarding it, (2) after consulting with counsel, the debtors prefer that the Court deny approval of the reaffirmation agreement prior to the hearing and (3) the debtors and counsel request that the Court take off calendar the hearing.  Such a declaration should be filed at least a week prior to the scheduled hearing.  If timely filed, the Court will review the declaration and, if it clearly addresses the

issues addressed above, the Court may, in certain instances, issue an order in advance of the hearing denying approval of the reaffirmation agreement and taking off calendar the hearing and excusing all appearances.

Similarly, in some instances, reaffirmation agreements are inadvertently submitted to the Court without the signature of counsel in instances in which counsel for the debtors intended to approve the agreement.  As a result, if the debtors and counsel wish to avoid the hearing (for whatever reason) because counsel wishes to approve the reaffirmation agreement, counsel should (1) sign the reaffirmation agreement and re-file it with the Court and (2) file a declaration indicating that (a) counsel for the debtors has conferred with the debtors regarding the reaffirmation agreement and provided advice regarding it, (b) after consulting with the debtors, counsel desires to approve the agreement and, therefore, court approval is not needed, (c) counsel has signed the reaffirmation agreement and re-filed it with the Court and (d) the debtors and counsel request that the Court take off calendar the hearing.  The executed reaffirmation agreement and the declaration should be filed at least a week prior to the scheduled hearing.  If timely filed, the Court will review the pleadings and, in most instances, take off calendar the hearing.  If, for any reason, the Court does not do so, then both the debtors and counsel for the debtors must appear at the hearing as ordered above.

IT IS SO ORDERED.

<div align="center">###</div>

Date: May 23, 2022

Wayne Johnson
United States Bankruptcy Judge